UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS T.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br><br> Defendant. | Case No.: 24-cv-1022-MMP <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** <br><br> [ECF No. 2] |

On June 11, 2024, Doris T. ("Plaintiff") filed this Social Security appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking judicial review of the decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's application for supplemental security income benefits. [ECF No. 1.] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). [ECF No. 2.]

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

1

$405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the filing fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

    The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide for himself and dependents with the necessities of life." *Id*. at 339 (internal quotation marks omitted). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

    Plaintiff has not satisfied her burden of demonstrating she is entitled to IFP status. According to her sworn statement, Plaintiff's monthly income is $900 from part-time employment, and she presently has $100 in her checking account. [ECF No. 2 ¶¶ 2(a), 3, 4(b).] Plaintiff also owns a 2011 Ford Fiesta; she does not identify the value of the vehicle but indicates she owes $7,000. [*Id.* ¶ 6(c).] Plaintiff does not own any other property and

---

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

has no dependents. [*Id.* ¶¶ 7–8.] However, Plaintiff does not identify any monthly expenses. While Plaintiff attests she has been borrowing money from her mother to pay for room and board since 2017 and currently owes $32,000, she does not indicate if she is currently repaying that obligation and, if so, the amount per month. [*Id.* ¶¶ 9, 12.] Plaintiff also does not indicate how much her monthly car payment is, or if she pays it herself. [*Id.*] Plaintiff's application does not sufficiently demonstrate that paying the $405 filing fee, or a portion of it, would impair her ability to provide for her necessities.

The Court finds Plaintiff has not met her burden of demonstrating she is entitled to IFP status due to an inability to pay the filing fees. Thus, the Court **DENIES** Plaintiff's motion without prejudice. Plaintiff must pay the filing fee or file a renewed motion[3] for IFP no later than **July 16, 2024**.

**IT IS SO ORDERED**.

Dated: July 2, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge

---

[3] In the event Plaintiff files a renewed motion for leave to proceed IFP, she should complete the "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" found at, https://www.casd.uscourts.gov/_assets/pdf/forms/AO239_Application%20to%20Proceed%20Without%20Prepayment.pdf.