UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS V.T.,<br><br>                                    Plaintiff,<br><br>   v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,<br><br>                                    Defendant. | Case No.: 24-cv-1022-RSH-MMP<br><br>**ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF, VACTING ALJ DECISION, AND REMANDING CASE FOR FURTHER PROCEEDINGS**<br><br>[ECF No. 16] |

    Plaintiff Doris V.T. brings this action for judicial review of the Social Security Commissioner's (the "Commissioner's") denial of her claim for supplemental security income benefits. Before this Court is Plaintiff's Motion for Summary Judgment. ECF No. 16. For the reasons herein, the Court grants summary judgment to Plaintiff, vacates the Commissioner's decision, and remands the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

1

## I. PROCEDURAL HISTORY

On March 29, 2013, Plaintiff filed an application for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act, alleging disability beginning on September 1, 1997. Administrative Record ("AR") 22. Her claim was denied initially and again upon reconsideration. AR 406. On August 30, 2016, Plaintiff's claim was heard by an administrative law judge ("ALJ"). AR 406. On September 29, 2016, the ALJ denied Plaintiff's claim. AR 32. On August 22, 2017, the Appeals Council denied review of the ALJ's ruling. AR at 1.

Plaintiff appealed the ALJ's decision to the U.S. District Court for the Southern District of California. On November 27, 2018, the district court reversed and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). AR 471, 477. In February 2020, a second ALJ dismissed Plaintiff's claim based on her failure to appear; in January 2023, the Appeals Council vacated that dismissal and remanded the case. AR 536. After a hearing in October 2023, a third ALJ issued a decision on April 2, 2024 finding that Plaintiff was not disabled. AR 421 (the "ALJ Decision").

On June 11, 2024, Plaintiff filed this civil action seeking review of the ALJ Decision. ECF No. 1.

On December 21, 2024, Plaintiff filed her instant motion for summary judgment. ECF No. 16. The motion has been fully briefed. ECF Nos. 18 (opposition), 19 (reply).

On March 14, 2025, the Court entered an order identifying certain deficiencies in the briefing. ECF No. 20. For example, the scheduling order in this case directed the Parties to include, in their respective briefing, a statement of the disputed issues. ECF No. 10 at 3. Plaintiff's brief included such a statement, identifying four issues for appeal; but her brief also appeared to raise additional issues not enumerated in the statement of issues. ECF No. 20 at 2. Additionally, Plaintiff's reply brief raised for the first time a request for interim benefits, to which Defendant had not had the opportunity to respond. *Id.* at 4. The Court

accordingly provided a schedule for filing new briefing addressing the identified deficiencies. *Id.* at 5.

Plaintiff did not timely file a new brief, but instead filed two late versions of a brief, each 15 pages over the page limits permitted by Civil Local Rule 7.1(h). The Court struck the non-compliant briefing and indicated that it would take the original briefing under submission, taking due note of the uncorrected deficiencies the Court had identified. ECF No. 23 at 2. Plaintiff thereafter filed ex parte applications to accept the stricken briefing, which the Court denied. ECF No. 26.

## II.    THE ALJ'S DECISION

The Social Security Act provides disability benefits under two programs, known by their statutory headings as Title II and Title XVI. Title II "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need" and Title XVI "provides supplemental security income benefits to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (quotations omitted). The second program is at issue here. "To establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

Federal regulations provide the following five-step procedure for determining disability:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one

> of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

An ALJ evaluates each step in order unless and until a finding of disability is made. *Id.* "The claimant has the burden of proof for steps one through four, and the Commissioner has the burden of proof for step five. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry." *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

The ALJ's Decision of April 2, 2024, applying the five-step procedure, determined that Plaintiff was not disabled as defined in the Social Security Act. AR at 403-21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 29, 2013, the application date. AR 409. At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder with psychotic symptoms, and ADHD. AR 409. At step three, the ALJ found that the severity of Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 410. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> can remember, understand and carry out routine and non-complex tasks; can work in a non-public setting; must avoid work on dangerous machinery; and can have no responsibility for safety operations.

AR 413-14. At step four, the ALJ determined that Plaintiff had no past relevant work. AR 420. At step five, the ALJ heard testimony from a vocational expert and concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" (*i.e.,* kitchen helper; cleaner, lab equipment; and waxer, floor). AR 420-21. Accordingly, the ALJ concluded that Plaintiff was not disabled. AR 421.

## III.   LEGAL STANDARD

Title 42 allows an individual to seek review of any final decision of the Commissioner of Social Security in the United States district courts. 42 U.S.C. § 405(g). Where a case has been previously remanded by a federal court, the Code of Federal Regulations provides that "the decision of the administrative law judge . . . will become the final decision of the Commissioner . . . unless the Appeals Council assumes jurisdiction . . . based on written exceptions to the decision which [the claimant] file[s]." 20 C.F.R. § 416.1484(a). These written exceptions must be filed within 30 days of receipt of the ALJ's decision. 20 C.F.R. §§ 416.1484(b)(1), 404.984(b)(1). Otherwise, the ALJ's decision becomes final on the sixty-first day following the date on the notice. See 20 C.F.R. §§ 416.1484(c)-(d), 404.984(c)-(d). This Court may enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. 42 U.S.C. § 405(g).

A court "may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence "is more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Where evidence is

susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Still, a reviewing court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).

## IV. ANALYSIS

Plaintiff's brief identifies four issues presented, arguing that: (1) the ALJ improperly disregarded the opinions of Plaintiff's treating physicians, Dr. Henderson and Dr. Highum; (2) the ALJ improperly disregarded the opinion of Defendant's expert, Dr. Livesay; (3) the ALJ erred in preventing Plaintiff's mother, brother, and the San Diego Regional Center ("SDRC") vocational counselor from testifying at the hearing; and (4) the ALJ's determination of Plaintiff's RFC was defective because it failed to account for Plaintiff's "supervised" working conditions.[1] ECF No. 16 at 2.

Both Parties agree that remand is warranted. Plaintiff requests that the Court remand with instructions for a finding of disability without additional administrative proceedings; Defendant argues that the Court should remand for further administrative proceedings.

Plaintiff's reply brief requests an award of interim benefits.

### A.   The SDRC Report and Issues One, Two, and Four

There is no dispute that the ALJ's Decision, in reaching the conclusions that that Plaintiff challenges in her first, second, and fourth issues, relied extensively on a report by the SDRC (the "SDRC Report"). The SDRC Report, styled as an Individual Program Plan, recites that it "represents a consensus of the goals, objectives, and plans agreed upon by

---

[1] The Court addresses only these four issues identified by Plaintiff. As discussed above, the Court previously gave Plaintiff an opportunity to expand the set of identified issues but Plaintiff did not timely do so.

the planning Team," AR 718, and appears to have been developed by that planning team together with Plaintiff. AR 716.

As contained in the Administrative Record, the SDRC Report is missing pages. It contains a "Page 2" and a "Page 4," but no other numbered pages. AR 716-21. The "Page 2" begins and ends mid-sentence, and no other pages appear to contain text corresponding to the preceding or following pages. The complete SDRC Report is therefore not before the Court. The pages in the record do not appear to identify the author of the report. Defendant represents that the SDRC Report was also incomplete as offered by Plaintiff in the proceedings before the ALJ. ECF No. 18 at 4-5. Plaintiff's reply brief does not dispute this. Neither the ALJ nor Plaintiff's attorney noted during the proceedings below the incompleteness of this report.

The ALJ cited the SDRC report in determining the weight to be given to the opinions of Drs. Henderson, Highum, and Livesay. Dr. Henderson opined, among other things, that Plaintiff "would not be able to compete in the workplace and is in need of continued therapy." AR 416. The ALJ declined to "give[] much weight" to Dr. Henderson's opinion, in part because "[i]t appears that Dr. Henderson has based his functional assessment on the claimant's subjective allegations." AR 416. The ALJ noted that "[t]he San Diego Regional Center has documented that [s]he is fairly independent at work, has good attendance, and has no issues with productivity." AR 416. The ALJ further stated that Dr. Henderson's opinions "are also inconsistent with the claimant's ability to make make-up and nail tutorials on YouTube as noted by the San D[ie]go Regional Center." AR 416. In referring to the SDRC Report, the ALJ cited one page of that document—the page styled as "Page 2," which begins and ends mid-sentence.

Dr. Highum opined that Plaintiff "would not be able to function independently in a job," and he "expected her to miss work frequently if not supported." AR 417. The ALJ declined to "give[] much weight" to Dr. Highum's opinion, in part because "[t]he marked to extreme limits in mental functioning are not consistent with the claimant's activities."

AR 417. Among other things, the ALJ referred to those portions of the SDRC Report that he had mentioned in discussing the opinions of Dr. Henderson. AR 418.

Dr. Livesay opined, among other things, that Plaintiff had "marked limits in daily activities." AR 418. Although the ALJ gave "some weight" to the opinions of Dr. Livesay, the ALJ stated that "the marked limits in daily activities is not supported by the San Diego Regional Center progress notes that document that the claimant has been fairly independent at work, has good attendance, and has no issues with productivity." AR 418. The ALJ again noted that the SDRC Report documented Plaintiff's making of YouTube tutorials about makeup and nails. AR 418.

The ALJ determined Plaintiff's RFC based on the ALJ's evaluation of the opinions of Drs. Henderson, Highum, and Livesay, and also based on the ALJ's evaluation of other opinions or statements in connection with which the ALJ cited the SDRC Report. *See* AR 416-17 (declining to give "much weight" to opinions of Dr. Grisolia based in part on SDRC Report); 417 (same as to opinions of Dr. Lessner); 418 (same as to statement by Plaintiff's mother). The ALJ again referred to the SDRC Report in determining the limitations on Plaintiff's ability to maintain well-being in a work setting independently and on a sustained basis.

The ALJ "has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The Ninth Circuit has explained that "[a]mbiguous evidence, or the ALJ's finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty" to develop the record. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (quoting *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). But "[a] specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy." *McLeod*, 640 F.3d at 885.

Plaintiff's first and second issues relate to the weight that the ALJ gave to the opinions of Drs. Henderson, Highum, and Livesay—which in turn rested in part on the ALJ's interpretation of the SDRC Report. Plaintiff's fourth issue relates to the ALJ's determination of Plaintiff's RFC, specifically, whether Plaintiff's past work—including the work described in the SDRC Report—was performed under close and continuous supervision, rather than being independent and unaided. ECF No. 16 at 21-22. For each of these issues, the incomplete SDRC Report triggered the duty to further develop the record. The Court concludes that remand is warranted. *See Tonapetyan*, 242 F.3d at 1151 (reversing and remanding for further proceedings where ALJ's RFC determination was based on an inadequately developed record); *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) ("The ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence.").

### B.  Plaintiff's Witnesses and Issue Three

Plaintiff also contends that the ALJ violated Plaintiff's right to due process and failed to develop the record by preventing Plaintiff's mother, brother, and SDRC vocational counselor from testifying at the hearing. ECF No. 16 at 18.

Here, the ALJ invited Plaintiff's witnesses to testify, but Plaintiff made clear she did "not want any other witness" to testify, and confirmed as much multiple times. AR 446-51. When Plaintiff's counsel sought to call other witnesses despite Plaintiff's wishes, the ALJ declined to allow the testimony. AR 449-50. The ALJ explained that Plaintiff is not under a conservatorship, that she has rights as an adult, and that there was nothing in the record indicating that Plaintiff was incompetent. AR 448-49. Plaintiff has not cited any authority indicating that the ALJ was required to allow Plaintiff's counsel to call witnesses over Plaintiff's express objection. The Court finds no error.

### C. Further Proceedings

Plaintiff argues that the ALJ's errors warrant, in lieu of remand for further proceedings, a judicial finding that Plaintiff is disabled. ECF No. 16 at 25. Plaintiff contends that the Court should "credit-as-true" the opinions of her physicians and award benefits, citing *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017), and *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017). *See* ECF No. 16 at 25.

The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The decision whether to remand for additional evidence, or to award benefits, is in the discretion of the court. *Trevizo*, 871 F.3d at 682. "[I]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded for further proceedings." *Id.* (citations and internal quotation marks omitted).

The Court concludes that the record here is not fully developed as to the SDRC Report, and that additional proceedings would allow the ALJ, after hearing Plaintiff's arguments, to consider the report in its entirety in determining the weight to give to the medical opinion evidence. Additionally, although the ALJ did not err in declining to hear from Plaintiff's lay witnesses—where Plaintiff herself objected to those witnesses being heard—on remand, Plaintiff will have the opportunity to withdraw those objections and elicit such witness testimony. The Court therefore exercises its discretion to remand the case for further proceedings.

### D. Interim Benefits

Plaintiff raises for the first time in her reply brief a request for interim benefits to be paid pending the final resolution of the case. ECF No. 19 at 8. In its April 7, 2025 order, the Court noted that Defendant did not have a chance to respond to this request, and provided a new briefing schedule that would allow Plaintiff to raise this issue in an new opening brief to which Defendant could then respond. As set forth further above, Plaintiff did not timely file a new brief as directed, and accordingly the Court took the original briefing under submission. Under these circumstances, the Court denies Plaintiff's request for interim benefits. *Carter v. Barnhart*, 22 F. App'x 930, 931 (9th Cir. 2002) (declining to address issues raised for the first time in a plaintiff's reply brief); s*ee Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990) ("It is well established in this circuit that 'the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.'") (quoting *Nw. Acceptance Corp. v. Lynnwood Equip.*, Inc., 841 F.2d 918, 924 (9th Cir. 1988)).

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment [ECF No. 16], **VACATES** the ALJ's Decision of April 2, 2024, and **REMANDS** the action for further proceedings consistent with the analysis above. The Clerk of Court is directed to enter judgment in favor of Plaintiff and to close the case.

**IT IS SO ORDERED**.

Dated: May 23, 2025

_____
Hon. Robert S. Huie
United States District Judge