UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS V.T., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Defendant. | Case No.: 24-cv-1022-RSH-MMP <br><br> **ORDER AWARDING ATTORNEYS' FEES AND COSTS** <br><br> [ECF No. 29] |

Pending before the Court is a motion by plaintiff Doris V.T. for an award of fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 29. On May 23, 2025, the Court granted summary judgment to Plaintiff, vacated the decision of the Administrative Law Judge ("ALJ") denying benefits to Plaintiff, and remanded the action for further proceedings. ECF No. 27. As set forth below, the Court grants in part and denies in part Plaintiff's motion, awarding fees in the amount of $20,844.37 and costs in the amount of $405.

1

## I. PROCEDURAL HISTORY

On March 29, 2013, Plaintiff filed an application for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act, alleging disability beginning on September 1, 1997. Administrative Record ("AR") 22. Her claim was denied initially and again upon reconsideration. AR 406. On August 30, 2016, Plaintiff's claim was heard by an administrative law judge ("ALJ"). AR 406. On September 29, 2016, the ALJ denied Plaintiff's claim. AR 32. On August 22, 2017, the Appeals Council denied review of the ALJ's ruling. AR 1.

Plaintiff appealed the ALJ's decision to the U.S. District Court for the Southern District of California. On November 27, 2018, the district court reversed and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). AR 471, 477. In February 2020, a second ALJ dismissed Plaintiff's claim based on her failure to appear; in January 2023, the Appeals Council vacated that dismissal and remanded the case. AR 536. After a hearing in October 2023, a third ALJ issued a decision on April 2, 2024 finding that Plaintiff was not disabled. AR 421 (the "ALJ Decision").

On June 11, 2024, Plaintiff filed this civil action seeking review of the ALJ Decision. ECF No. 1.

On December 21, 2024, Plaintiff filed a motion for summary judgment. ECF No. 16.

On March 14, 2025, the Court entered an order identifying certain deficiencies in the summary judgment briefing. ECF No. 20. The Court provided a schedule for filing new briefs addressing those deficiencies. *Id.* at 5.

Plaintiff did not timely file a new brief, but instead late-filed two versions of a brief, each significantly exceeding the page limits provided under the Local Rules. ECF Nos. 21, 22. The Court struck the non-compliant briefing and indicated that it would take the original briefing under submission, taking due note of the uncorrected deficiencies the Court had identified. ECF No. 23 at 2. Plaintiff thereafter filed ex parte applications to accept the stricken briefing, which the Court denied. ECF No. 26.

On May 23, 2025, the Court granted summary judgment to Plaintiff. ECF No. 27. The Court determined that the ALJ, in determining that Plaintiff was not disabled, relied extensively on a report by the San Diego Regional Center (the "SDRC Report"). The Court stated:

> As contained in the Administrative Record, the SDRC Report is missing pages. It contains a "Page 2" and a "Page 4," but no other numbered pages. AR 716-21. The "Page 2" begins and ends mid-sentence, and no other pages appear to contain text corresponding to the preceding or following pages. The complete SDRC Report is therefore not before the Court. The pages in the record do not appear to identify the author of the report. Defendant represents that the SDRC Report was also incomplete as offered by Plaintiff in the proceedings before the ALJ. ECF No. 18 at 4-5. Plaintiff's reply brief does not dispute this. Neither the ALJ nor Plaintiff's attorney noted during the proceedings below the incompleteness of this report.

*Id.* at 7. The Court went on to address the extent to which the ALJ had relied on this report in reaching conclusions that Plaintiff challenged in her motion for summary judgment. *Id.* at 7-9. The Court determined that, for each of these issues, the incomplete SDRC report triggered a duty on the part of the ALJ to further develop the record. *Id.* at 9.

The Court accordingly remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* at 1, 11. In doing so, the Court denied Plaintiff's request to order an award of benefits, and also denied Plaintiff's request—made for the first time in her reply brief—for interim benefits. *Id.* at 10-11.

On June 8, 2025, Plaintiff filed her motion for fees under the EAJA. ECF No. 29. Defendant opposes the motion. The motion has been fully briefed. ECF Nos. 31 (opposition), 32 (reply).

## II. LEGAL STANDARD

The EAJA provides that "a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency

or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(b). The Court may in its discretion decline to award fees where it finds "that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). "The amount of attorneys' fees awarded under EAJA must be reasonable." *Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009).

In short, "[u]nder [the] EAJA, a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)).

To determine a reasonable fee award under the EAJA, courts in the Ninth Circuit apply the lodestar method, multiplying the number of hours reasonably spent on litigation by the reasonable hourly rate. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citations omitted)). A request for fees must be supported by "an itemized statement from any attorney ... stating the actual time expended and the rate at which fees and other expenses were computed." *Id.* § 2412(d)(1)(B). The hourly rate is capped by statute unless the Court determines an increase in cost of living or another special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The Court "retain[s] substantial discretion in fixing the amount of an EAJA award." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990). The Court must explain any significant reduction in counsel's requested fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

//

//

## III. DISCUSSION

### A. Amounts Claimed

The Court begins by reviewing the total amounts sought by Plaintiff in her motion. Plaintiff's motion concludes: "The Court should award plaintiff $37,740.82 in fees and $995 in costs." ECF No. 29-1 at 25. Her accompanying declaration states that the fee request is based on 128.1 hours of work. ECF No. 29-6 ¶ 8. Plaintiff's reply brief concludes by requesting an additional "$2,352 for the 8.0 hours spent on this reply." ECF No. 32 at 12. The Court therefore construes her motion as seeking a total of **$40,092.82** in attorneys' fees (based on 136.1 hours of work) plus **$995** in costs.[1]

Plaintiff seeks recovery of fees at an hourly rate of $294.62 for work performed in 2024 and 2025. ECF No. 29-6 ¶ 9. The applicable maximum rate under the EAJA in the Ninth Circuit was $251.84 in 2024; that rate is also applicable for 2025 until a new rate is posted. Thus, Plaintiff effectively seeks an enhancement of $42.78 per hour beyond the statutory maximum. Plaintiff asserts that this enhancement is warranted based on the Vietnamese language skills, cultural familiarity, and Social Security law specialization of her counsel, Alexandra Manbeck. ECF No. 29-6 ¶ 8.

---

[1] Plaintiff's Reply brief seems to request a slightly lower amount for fees up to drafting the reply brief; while her opening brief requested $37,740.82 in fees for this work, the reply brief instead requests $37,632, without accounting for this difference. *Compare* ECF No. 29-1 at 25 *with* ECF No. 32 at 12.

Plaintiff's motion recites that she is requesting $995 in costs. ECF No. 29-1 at 23 ("EAJA Permits an Award for Court Costs and Expenses in the Amount of $995") ("Petitioner submits a request for reimbursement of total costs and expenses of $995"); *id.* at 25 ("The Court should award plaintiff … $995 in costs."). However, other portions of her briefing or declaration appear to claim different and higher amounts. *See* ECF No. 29-1 at 23-24 ("Accordingly, the Court should award Plaintiff $1,080 in costs and expenses under the EAJA …."); ECF No. 29-6 ¶ 11 ("Total costs requested are $1,475[.]").

The Parties agree that Plaintiff was the prevailing party here. *See also Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees.").

Defendant does not argue that its position was "substantially justified," but argues that "special circumstances" warrant limiting the award of fees here or denying it altogether. Defendant also challenges the reasonableness of certain claimed fees and costs.

## B. Special Circumstances and Reasonableness

Defendant asserts that "special circumstances" exist here warranting the reduction or denial of fees, and contends that in any case, certain components of the fees claimed are unreasonable. Although the Court declines to find special circumstances warranting the denial of fees altogether, the Court reduces or disallows certain components of the fee award, as set forth below.

***Summary judgment briefing.*** Plaintiff seeks to recover fees associated with 28.75 hours spent on summary judgment briefing.[2] *See* ECF No. 29-6 ¶ 7. The Court concludes that special circumstances exist collectively warranting significant reduction in the hours recoverable for this task. First, as the Court previously determined in its order of March 14, 2025, Plaintiff's briefing was materially deficient in its organization and coherence. ECF No. 20. Second, although Plaintiff is the "prevailing party" for purposes of this motion, Plaintiff's efforts on summary judgment motion practice did not yield a result for Plaintiff that was any greater than the remand that Defendant offered during the course of the litigation, which Plaintiff declined. *See* ECF No. 15. Third, the sole basis on which the Court remanded the case—the ALJ's failure to further develop the record and obtain the

---

[2] These 28.75 hours include the time entry for 12/15/24 as to the 5.5 hours for "draft memo for summary judgment"; the 12/16/24 entry for "Draft memo; review administrative record," without distinguishing time spent on either task; and the 12/17/24, 12/18/24, 12/20/24, and 1/30/25 entries. *See* ECF No. 29-6 ¶ 7.

complete SDRC Report before relying extensively on that report—was not based on any argument made by Plaintiff in her summary judgment briefing. Instead of arguing that the SDRC Report was incomplete, she argued that the report was "inaccurate." ECF No. 16 at 5. Furthermore, Plaintiff's reply brief in support of her fees motion indicates that the reason that report had been introduced in an incomplete fashion was that Plaintiff had *hidden* the other pages. ECF No. 32 at 4 ("… Plaintiff admitted to hiding at times evidence of her disability such as certain pages of the SDRC report causing her attorney to search her voluminous file for the missing pages until Plaintiff admitted to hiding them and apologized for her actions."). Although this does not alter the Court's conclusion that the ALJ had a duty to develop the record, the Court concludes that an approximate 75% reduction is warranted here, both under the special circumstances doctrine and as a matter of reasonableness. *See, e.g., Berry v. Comm'r of Soc. Sec.*, No. 20-cv-2972 (PKC), 2022 WL 4661529, at *2 (E.D.N.Y. Sept. 30, 2022) (finding "special circumstances" to reduce hours where fees were expended on efforts that "achieved no appreciable advantage," among other factors); *D.C. v. Kijakazi*, No. 21-cv-380-NYW, 2023 WL 3321380, at *6 (D. Colo. May 9, 2023) (finding "special circumstances" where plaintiff's opening brief "devoted barely more than a page" to the sole issue on which plaintiff prevailed). Accordingly, the Court allows 7.25 hours for Plaintiff's summary judgment briefing rather than the 28.75 hours claimed.

**Revised summary judgment briefing.** Additionally, Plaintiff seeks to recover fees associated with 14.35 hours spent in connection with drafting revised summary judgment briefing pursuant to the Court's direction on March 14, 2025.[3] *See* ECF No. 29-6 ¶ 7.

---

[3] These 14.35 hours include Plaintiff's entries on 4/1/25 ("Search client's record 1.5; draft revision (4.75)") and 4/6/25 ("Review adm. Record (3.35)[;] Prepare revision (4.75)"). To the extent these entries include tasks other than drafting the amended briefing, those tasks—such as review of the administrative record—were presumably undertaken in connection with that briefing. ECF No. 29-6 ¶ 7. To the extent that these entries are meant

However, these efforts did not result in the timely filing of a compliant brief. Instead, Plaintiff late-filed two materially non-conforming briefs, both of which were stricken by the Court. ECF No. 23. Plaintiff did not, in advance of those filings, request leave to make late or oversized filings. As a matter of reasonableness, the Court disallows recovery for time spent on these tasks.

***Post hoc motions for extension of time or for leave to file excess pages.*** Plaintiff also seeks to recover fees associated with 11 hours spent on motions, after the briefs had already been stricken, seeking post hoc permission to file late and oversized briefs.[4] *See* ECF No. 29-6 ¶ 7. In the Court's view, these motions were cursory in nature. The Court denied these motions as untimely and as unsupported by good cause. ECF No. 26. It would be unreasonable to allow Plaintiff to recover fees for these unsuccessful motions, which were occasioned by two sets of earlier errors by Plaintiff. The Court disallows recovery for time spent on these tasks as well.

***Preparation of status report.*** Plaintiff seeks to recover for time spent on preparing a joint status report, as required by the U.S. Magistrate Judge in an earlier phase of the case. Plaintiff claims a total of 21.5 hours related this task; two of the three entries also include other tasks without distinguishing the time spent on each.[5] ECF No. 29-6 ¶ 7. The U.S. Magistrate Judge determined that Plaintiff failed to timely comply with the scheduling order requiring settlement negotiations and the filing of a joint status report, and questioned whether Plaintiff's neglect was excusable. ECF No. 14 at 2-3. When the joint status report was ultimately filed, it was one paragraph long in total. ECF No. 15. The Court concludes that it would be unreasonable to allow Plaintiff to recover for more than one hour of time

---

to be something wholly unrelated to drafting the amended briefing, the Court cannot discern from the billing entries what these activities might be, and disallows them.

[4] These 11 hours relate to entries on 4/7/25. *See* ECF No. 29-6 ¶ 7.
[5] These 21.5 hours include the entries on 10/1/24, 11/10/24, and 11/12/24. *See* ECF No. 29-6 ¶ 7.

spent on an untimely task that yielded such minimal output. Making some allowance for the fact that two time entries also include an unspecified amount of work on other unrelated tasks, the Court allows a total of 3.0 hours rather than the 21.5 hours claimed for these entries.

*__Remaining hours claimed.__* In light of these reductions, the Court declines to make any further reductions requested by Defendant. In making this decision, the Court takes into account the fact that this is the third time that Plaintiff's case has been remanded. The Court allows Plaintiff recovery for 70.75 hours.

Defendant does not take issue with the enhanced hourly rate sought by Plaintiff, and the Court concludes that that enhancement is warranted here in light of the Vietnamese language skill of Plaintiff's counsel, her related familiarity with Vietnamese culture, and the manner in which this knowledge has facilitated her representation of Plaintiff in this case since 2013. Indeed, in a previous appeal of this same case, in April 2019, the Court approved an upward enhancement. *See* No. 17-cv-2179-BEN-RNB, Dkt. No. 35, at 5-6. Accordingly, the Court computes attorneys' fees at the requested rate of $294.62 per hour, for 70.75 hours, for a total of $20,844.37. The Court declines in its exercise of discretion to make any further adjustments to this amount as to the fees requested.

### D. Costs and Expenses

The EAJA also allows for recovery of costs by the prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A). As with attorneys' fees, the claimant must present an itemized list. *Id.* § 2412(d)(1)(B). Here, the Court takes judicial notice of the $405 filing fee paid by Plaintiff, ECF No. 7, and awards costs in that amount. Plaintiff's remaining cost or expense requests, which are conflicting in amount, are denied for lack of specificity and lack of supporting documentation.[6]

---

[6] Plaintiff's reply brief also requests "$750 for paralegal services performed in connection with this action since 2014." ECF No. 32 at 12. Plaintiff's opening brief does

### E. Payment of Award

Plaintiff requests that the EAJA award be paid to her counsel directly. *See* ECF No. 32-2.

The EAJA directs that courts "shall award to a prevailing party ... fees and other expenses ... incurred by that party." 28 U.S.C. § 2412(d)(1)(A). A fee award under the EAJA is subject to an offset to satisfy any pre-existing debt to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Additionally, the Anti-Assignment Act, 31 U.S.C. § 3727, provides that an assignment may be made only after certain formal requirements are met. *See Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253, 266 (E.D. Cal. 2019) (the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits."). The Commissioner may waive the requirements of the Anti-Assignment Act. *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015).

Subject to any offset in this case and the Commissioner's waiver of the requirements of the Anti-Assignment Act, the Court directs that the EAJA award be paid directly to Plaintiff's counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for fees and costs [ECF No. 29], and awards Plaintiff fees in the amount of *$20,844.37* plus costs in the amount of *$405*.

---

not mention this request. Plaintiff's declaration submitted with her motion refers to "$800 in paralegal and delivery/translation services … to deliver court decisions and provide translation to the plaintiff's mother and brother throughout the course of litigation (2003-2005)." ECF No. 29-6 ¶ 11.

The Court declines to award any amount for paralegal services, given that the request is not set forth in Plaintiff's opening brief, given the generalized yet conflicting explanations of this claim in the other two filings, and given the lack of any other supporting documentation such as time records.

The Commissioner shall determine whether Plaintiff's EAJA award is subject to offset for federal debt, and payment shall be made less any appropriate offsets. If the Commissioner waives the requirements of the Anti-Assignment Act, payment shall be made to Plaintiff's counsel, Alexandra Manbeck, at P.O. Box 827, State College, Pennsylvania 16804. Otherwise, payment shall be made to Plaintiff.

**IT IS SO ORDERED**.

Dated: August 5, 2025

_____
Hon. Robert S. Huie
United States District Judge